IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 24-00150-01-CR-W-HFS |
| GEORGE A. RICHARDSON, | ) |
| Defendant. | ) |

**REPORT & RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss the Indictment. (Doc. 20) Defendant contests the constitutionality of the statute under which he is charged. For the following reasons, it is recommended that Defendant's motion be denied.

## I. BACKGROUND

On July 16, 2024, the Grand Jury returned an Indictment charging Defendant with one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. 17) On July 19, 2024, Defendant filed the instant motion to dismiss. (Doc. 20) The Government filed its suggestions in opposition on August 16, 2024. (Doc. 30) Defendant did not file a reply, and the time for doing so has passed.

## II. LEGAL ANALYSIS

Title 18, United States Code, Section 922(g)(1) makes it unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to, *inter alia*, possess in or affecting commerce, a firearm. Defendant contends that the Indictment should be dismissed on grounds that 18 U.S.C. § 922(g)(1) violates the Second

1

Amendment to the United States Constitution,[1] both facially and as applied. Defendant additionally argues that the statute is unconstitutionally overbroad. Each argument will be addressed in turn.

A. **Second Amendment**

Citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), Defendant argues that the Indictment should be dismissed on grounds that 18 U.S.C. § 922(g)(1) violates the Second Amendment both facially and as applied to him.[2] This argument is foreclosed by the Eighth Circuit's recent decisions in *United States v. Jackson*, No. 22-2870, 2024 WL 3711155, at *4 (8th Cir. Aug. 8, 2024) ("*Jackson* II") (precluding as-applied statutory challenges), and *United States v. Cunningham*, No. 22-1080, 2024 WL 3840135, at *3 (8th Cir. Aug. 16, 2024) ("*Cunningham* II") (concluding that 18 U.S.C. § 922(g)(1) is facially constitutional), which were both decided on remand following *Rahimi*.

In *Jackson* II the Eighth Circuit stated, in relevant part:

We conclude that . . . § 922(g)(1) is not unconstitutional as applied to Jackson based on his particular felony convictions. The Supreme Court has said that nothing in *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), which recognized an individual right to keep and bear arms, "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id*. at 626, 128 S.Ct. 2783; *see McDonald v. City of Chicago*, 561 U.S. 742, 786, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010) (plurality opinion) ("We repeat those assurances here."). The decision in *Bruen*, which reaffirmed that the right is "subject to certain reasonable, well-defined restrictions," 597 U.S. at 70, 142 S.Ct. 2111, did not disturb those statements or cast doubt on the prohibitions. *See id*. at 72, 142 S.Ct. 2111 (Alito, J., concurring); *id*. at 81, 142 S.Ct. 2111 (Kavanaugh, J.,

---

[1] The Second Amendment provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II.

[2] Defendant states that the Government "chose not to specify [Defendant's] prior felony convictions. [Defendant] has not been convicted of any offenses involving firearms or violence, and his last felony conviction was more than twenty years ago." (Doc. 20, p. 2) Defendant's bond report, which the parties stipulated would be consistent with the testimony from pretrial services, shows prior felony convictions for theft, felon in possession, possession of a controlled substance and conspiracy to distribute phencyclidine. (Docs. 11, 12)

> concurring, joined by Roberts, C.J.); *id.* at 129, 142 S.Ct. 2111 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.). Neither did the decision in *Rahimi*. *See* 144 S. Ct. at 1901-02. Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).
>
> . . .
>
> In sum, we conclude that legislatures traditionally employed status-based restrictions to disqualify <u>categories of persons</u> from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons.

2024 WL 3711155, at *5, 7 (emphasis added).

Shortly after the *Jackson* II decision addressing an as-applied challenge, the Eighth Circuit reaffirmed the facial constitutionality of § 922(g)(1) in *Cunningham* II. *United States v. Doss*, No. 22-3662, 2024 WL 3964616, at *1 (8th Cir. Aug. 28, 2024) ("We have already rejected this argument . . . *See United States v. Cunningham*, — F.4th —, 2024 WL 3840135, at *3 (8th Cir. Aug. 16, 2024) (concluding that 18 U.S.C. § 922(g)(1) is facially constitutional[.])"). *See also United States v. Lowry,* No. 23-2942, 2024 WL 3819783, at *3 (8th Cir. Aug. 15, 2024) (finding defendant's conviction under 18 U.S.C. § 922(g)(1) did not violate his Second Amendment rights); *United States v. Lindsey*, No. 23-2871, 2024 WL 2207445 (8th Cir. May 16, 2024) (per curiam) (affirming denial of both facial and as-applied constitutional challenges to § 922(g)(1)). This Court cannot depart from Eighth Circuit controlling precedent "until overruled by [the] court en banc, by the Supreme Court, or by Congress." *M.M. ex rel L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008). As a result, Defendant's as applied and facial challenges must fail.

### B. Overbreadth

Defendant also asserts that § 922(g)(1) is unconstitutional on its face, arguing it is substantially overbroad, as it strips all felons—non-dangerous and dangerous alike, those with

3

decades-old convictions, and those with more recent convictions—of their right to possess firearms. Although typically addressed in First Amendment cases, Defendant contends that the overbreadth doctrine should extend to the Second Amendment. Overbreadth claims are recognized only in limited circumstances. *See Sabri v. United States*, 541 U.S. 600, 609-10 (2004) (recognizing "the validity of facial attacks alleging overbreadth (though not necessarily using that term) in relatively few settings, and, generally, on the strength of specific reasons weighty enough to overcome [the Court's] well-founded reticence."). Such circumstances are not present here, and Defendant provides no controlling authority in which overbreadth challenges have succeeded in the Second Amendment context. Given the limited application for overbreadth challenges and the lack of support here, the Court declines to invalidate Section 922(g)(1) on overbreadth grounds. Defendant's motion to dismiss should be denied on this basis.

It is accordingly recommended that § 922(g)(1) be found constitutional on its face and as applied to Defendant Richardson, and that Defendant's overbreadth claim be denied.[3]

### III. CONCLUSION

Based on the above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion to Dismiss the Indictment.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from

---

[3] Although Defendant does not raise a Fifth Amendment challenge to § 922(g)(1), the Government points to the Eighth Circuit's ruling in *Jackson* II, asserting it does not violate due process by precluding as-applied challenges. The Government further argues that no legal basis extends Fifth Amendment Due Process protections beyond those already provided by the Second Amendment to individuals disarmed under the statute. Even if Defendant had raised a Fifth Amendment argument, the Court would find it unpersuasive.

4

the date of this Report and Recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

                                                /s/ *Jill A. Morris*
                                                JILL A. MORRIS
                                                UNITED STATES MAGISTRATE JUDGE