IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-00150-CR-W-HFS |
| | ) | |
| GEORGE A. RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Presently pending is defendant's motion to dismiss the Indictment (Doc. 20). Defendant also seeks reversal of the detention order pursuant to 18 U.S.C. § 3145. (Doc. 29). Specifically, as to whether he is indeed a danger to the community.

As recently held by the Eighth Circuit in United States v. Mull, Appeal No. 23-3424 (Sept. 3, 2024); affirming, 21-cr-03141-RK, concluding that defendant's Second Amendment challenge to his felon-in-possession indictment is foreclosed by this Circuit's recent opinions in United States v. Jackson, 2024 WL 3711155, at *4 (8th Cir. Aug. 8, 2024); United States v. Lowry, 2024 WL 3819783, at *3 (8th Cir. Aug. 15, 2024); and United States v. Cunningham, 2024 WL 3840135, at * (8th Cir. Aug. 16, 2024).

In his motion seeking reversal of the detention order, defendant claims that conditions can be mandated that could reasonably assure his appearance in court and the community's safety. And he repeats his contention that the Bail Reform Act favors release over pretrial detention as well as prior arguments regarding future

1

dangerousness to the community. Defendant also argues that in denying his motion for reconsideration, the Magistrate Judge determined his risk of arrest on an incorrect Federal Pretrial Risk Assessment ("PTRA") score.

As noted by Judge Counts in the order denying reconsideration, the PTRA is merely a tool to be used by pretrial services officers in conjunction with a thorough investigation and their own judgment to develop informed decisions. (Doc. 23, p. 4).

Defendant acknowledges that the factual allegations recounted in the Affidavit may be a concerning factor in determining his future dangerousness, but he claims they are not relevant. (Doc. 29, p. 3-4). In his Reply Brief (Doc. 33), defendant repeats these assertions, but they do not support his argument that clear and convincing evidence does not establish his dangerousness to the community.

After conducting a *de novo* review of the record and the pleadings before Judge Counts, as well as the evidence developed at the detention hearing, I find that the factual findings, stipulated to by the parties, support pretrial detention. (Doc. 12). This obviates the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention and permits explicit adoption of the magistrate's pretrial detention order. United States v. Cook, 87 F.4th 920, 924-25 (8th Cir. 2023); citing United States v. King, 849 F.2d 485, 490 (11th Cir. 1988) (otherwise, the district court's function would be reduced to the mere duplicitous task of reproducing the magistrate's pretrial detention order).[1]

---

[1] Compare, United States v. Hurtado, 779 F.2d 1467 (11th Cir. 1985)(if Hurtado is to be given a logical construction, it must be that the district

Accordingly, defendant's motion to dismiss the Indictment (Doc. 20), and motion to reverse detention order (Doc. 29) are DENIED.

        /s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

Dated: October 4, 2024
Kansas City, Missouri

---

court is to enter its own findings of fact where factual issues remain to be resolved; thus, when a motion to revoke or amend a pretrial detention order attacks only the magistrate's legal conclusion, the district court need not enter findings of fact). King, at 490.